Filed 10/29/13  P. v. Torres CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS MANZO TORRES,<br><br>    Defendant and Appellant. | G048274<br><br>(Super. Ct. No. 12CF0581)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

1. *Introduction*

Jesus Manzo Torres pleaded guilty to one count of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)), admitted two multiple victim allegations (Veh. Code, § 23558), admitted an allegation regarding suspension of driving privileges (Veh. Code, § 13202.5), and admitted two enhancement allegations of personal infliction of great bodily injury (Pen. Code, § 12022.7, subd. (a)). The trial court sentenced Torres to a total of 14 years in prison with credit for presentence custody.

Torres timely appealed from the judgment. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel suggested we consider one issue, which we address in section 3. Torres was granted 30 days to file written arguments in his own behalf, but did not file anything.

We have examined the entire record and counsel's *Wende/Anders* brief. We looked for issues other than those raised by counsel, but after considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

2. *Background*

Torres initially pleaded not guilty. He later changed his plea to guilty, and filled out and signed a guilty plea form. On that form, Torres agreed to the following as the factual basis for his guilty plea: "[O]n 11/6/11 I unlawfully drove a vehicle while under the influence of alcohol and violated vehicle code sections 22350 (unsafe speed), 22107 (unsafe turning movement), and 27315(d)(1) (seatbelts required), with gross negligence, proximately causing the death of Jorge Cisneros, and personally inflicting great bodily injury on Jose Garcia and Alfredo Salas, and proximately causing bodily injury to Isias Lopez and Saul Lopez. I was also under the age of 21 at the time I drove while under the influence of alcohol."

Under proposed disposition, the plea form reads: "I voluntarily agree and understand the court will . . . open plea to the court with 14 year lid." Following a sentencing hearing, the trial court sentenced Torres to a prison term of six years on the count for gross vehicular manslaughter while intoxicated, a consecutive term of six years for the great bodily injury enhancements, and a consecutive term of two years for the multiple victim allegations.

Torres appealed, and the trial court granted his request for a certificate of probable cause.

3. *Analysis of Suggested Issue in Counsel's* Wende/Anders *Brief*

Appointed counsel suggests this potential issue: "Did appellant knowingly waive his right to appeal from his guilty plea and from the imposition of a lawful sentence?"

"To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary. [Citations.] Waivers may be manifested either orally or in writing. [Citation.] The voluntariness of a waiver is a question of law which appellate courts review de novo. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.)

Torres manifested both orally and in writing his waiver of the right to appeal. On the plea form, Torres placed his initials next to the paragraph labeled "[a]ppeal waiver" (boldface omitted). The final sentence of this paragraph reads: "I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement." When taking the plea, the trial court advised Torres that "[b]y pleading guilty to this you are waiving your right to appeal in this case from anything other than an illegal sentence that I would pronounce." Torres stated he understood and agreed.

From the record, and exercising de novo review, we conclude Torres knowingly, intelligently, and voluntarily waived his right of appeal.

3

4. *Disposition*

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


THOMPSON, J.